HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTWAN ATKINS,

        Plaintiff,

v.

THE BREMERTON SCHOOL DISTRICT, ELIZABETH FININ, et al.,

        Defendants.

Case No. C04-5779RBL

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

### 1. Introduction.

This matter is before the court on Defendants' Second Motion for Summary Judgment. [Dkt. #25] Defendants previously sought and were granted partial summary judgment on the Plaintiff's state law claims. [*See* Order at Dkt. #23]. Defendants now seek dismissal of Plaintiff's remaining claim under Title VI of the Civil Rights Act.

The case involves an incident at Renaissance High School in Bremerton, where the Plaintiff (Antwan Atkins) was a student and Defendant Elizabeth Finin was a teacher. The parties agree that on or about November 20, 2002, on school grounds and during school hours, Ms. Finin referred to Atkins and two other students as "porch monkeys" and asked them to move from the steps of a portable classroom. She claims she did so in a joking manner, without knowing or intending that the plaintiff, an African American, would perceive the comment as a racial slur. According to the Plaintiff, the remark was repeated a second time as Ms. Finin left the portable classroom.

Plaintiff confronted Ms. Finin and she apologized. Plaintiff, Ms. Finin, the principle, Mr. Atkins' mother, and an "advocate," Daryl Fields, met shortly thereafter to discuss the incident. Plaintiff Atkins remained in Defendant Finin's English class for the remainder of the school year,. He now claims he "skipped" the class frequesntly, and that his teacher ignored him following the incident. He eventually dropped out of school and claims to suffer from emotional trauma and depression as a result of the incident.

He filed suit, alleging a variety of state law claims and a claim for intentional discrimination in violation of title VI of the Civil Rights Act. Plaintiff failed to comply with pre-claim notice requirements under Chapter 4.96 RCW, and his state law claims were dismissed. Defendants now seek dismissal of the remaining Title VI claim, arguing that such a claim cannot be asserted against individuals, and that the "stray words" at issue here cannot support a claim for intentional discrimination, particularly where the plaintiff cannot point to the deprivation of any educational service.

**2.   Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**3.   Discussion.**

In order to prevail on a Title VI claim, the Plaintiff must show that (1) there is racial or national origin discrimination and (2) the entity engaging in the discrimination receives federal financial assistance. *See* 42 U.S.C. §2000d; *see also Baker v. Board of Regents*, 991 F.2d 628, 631 (10th Cir. 1993). The subject discrimination must be intentional. *See Fobbs v. Holy Cross Health Systems*, 29 F.3d 1439 (9th Cir. 1994).

Liability for such intentional discrimination is against the entity only.  Defendants argue that Title VI does not provide for individual liability, and Plaintiff does not dispute that allegation in his Response. *See The Epileptic Foundation v. City and County of Maui*, 300 F. Supp.2d 1003, 1014 (D. Hawaii 2004).  If and to the extent Plaintiff asserts  Title VI claims against the individual defendants, those claims are DISMISSED.

It is conceded that the school district receives federal funding. Plaintiff's claims against the School District is based on his claim that Ms. Finin's statements and the School District's failure to discipline her for them were intentional discrimination.  He claims that these actions together were "severe and pervasive," and that they "created a racially hostile educational environment."

To be actionable under Title VI, racial harassment must be "so severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate in or benefit from the services, activities or privileges provided by the recipient." *See Montiero v. Temple Union* 158 F.3d 1022 (1998).  Furthermore, the District must be "deliberately indifferent" to the harassment, to an extent that the indifference can be seen a racially motivated. *See Bryant v. Independent School District of Garvin City*, 334 F.3d  928, 933 (10th cir. 2003).

Implicitly recognizing that the "porch monkey" statement made by Ms. Finin, even if made intentionally,[1] cannot by itself meet this standard[2], the Plaintiff emphasizes that the School District did not discipline Ms. Finin.  He also argues that it did not engage in any sort of post-incident training to ensure that incidents of this type did not occur again.  He argues that these failures amount to deliberate indifference, and/or a racially hostile educational environment.

This claim, too, however, depends on the plaintiff establishing that the harassment was "severe and pervasive." *See Davidson v. Santa Barbara High School District*, 48 F.Supp.2d 1225 (C.D. Cal. 1998), and cases cited therein.  Plaintiff does not and cannot claim on the record before the court that the unfortunate

---

[1] Other than the fact it was made, there is no evidence that the statement was made with the intent to discriminate against Mr. Atkins, and it is conceded that Ms. Finin stated that she did not know the term was racist and apologized immediately after being informed that it was.

[2] As the Defendants point out, the utterance of a racial epithet, even intentionally, does not alone amount to the sort of "pervasive and persistent" harassment that can amount to actionable interference with one's ability to participate in the services. *See Montiero, supra.*

incident was anything but isolated.  Ms. Finin apologized, as he concedes, and no further conduct of any sort that can be construed as racially motivated ensued.  It appears that the Plaintiff is not willing to accept the apology, or anything short of his teacher's termination.  Plaintiff has not cited, and the court has been unable to find, an analogous case where a "stray remark" – for which the speaker promptly apologized, citing ignorance of the term's racial connotation – amounts to an actionable Title VI violation.  The absence of more severe discipline and/or formal training to prevent the re-occurrence of such stray remarks does not amount to the sort of severe and pervasive, racially hostile educational environment that Title VI was designed to remedy.

The District's failure to discipline Ms. Finin is not evidence of "severe and pervasive" racial harassment, nor of a racially hostile educational environment. The incident was unfortunate, as was the apparently profound impact it had on the plaintiff.  Under the opinions cited by the parties, and those reviewed by the court, however, Ms. Finin's use of the term "porch monkey" in the circumstances agreed upon by the parties, is not actionable under Title VI as a matter of law.  The defendants Motion for summary Judgment [Dkt. #25] is GRANTED, and the Plaintiff's remaining Title VI Cause of Action is therefore DISMISSED.

As there are no remaining claims, the clerk shall enter a Judgment in favor of the Defendants.


DATED this 7th day of June, 2005

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE